Peter L. Carr, IV
CA Bar No. 256104 (*Pro Hac Vice*)
Pcarr@thePLClawgroup.com
Lauren K. McRae
CA Bar No. 331296 (*Pro Hac Vice*)
Lmcrae@thePLClawgroup.com
**PLC LAW GROUP, APC**
3756 Santa Rosalia Dr., Suite 326
Los Angeles, Ca 90008
Telephone: (310) 400-5890
Facsimile: (310) 400-5895

Jordan P. Schnitzer, Esq.
Nevada Bar No. 10744
**THE SCHNITZER LAW FIRM**
710 South 9th Street, Suite 2
Las Vegas, Nevada 89101
Telephone: (702) 960-4050
Facsimile: (702) 960-4092
Jordan@theschnitzerlawfirm.com

Attorneys for Plaintiff
Deyannia Shipp

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEYANNIA SHIPP, | Case No.: 2:24-cv-02062-GMN-EJY |
| Plaintiff, vs. | **DISCOVERY PLAN AND SCHEDULING ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, OFFICER K. ROSE, OFFICER Z. PAPPAS, DOLLAR TREE, INC., and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff, Deyannia Shipp, and Defendants, Las Vegas Metropolitan Police Department, Officer K. Rose, Officer Z. Pappas, and Dollar Tree, Inc., and pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Practice 26-1, stipulate to and request that the Court enter the following proposed Joint Discovery Plan and Scheduling Order:

1. <u>Meeting</u>: The parties met and conferred via videoconference on February 25, 2025.

2. <u>Pre-Discovery Disclosures</u>: The parties hereby stipulate that they shall make their initial disclosures of information required by Fed. R. Civ. P. 26 (a)(1) by **Tuesday, March 11, 2025.** No changes need to be made to the form or requirements of such disclosures.

3. <u>Areas of Discovery</u>: Discovery will be conducted on all issues including, but not limited to, all claims and defenses within the scope of the pleadings consistent with the Federal Rules of Civil Procedure and the Local Rules of this district.

4. <u>Discovery Cut-Off Date</u>: Discovery shall take 180 days, measured from January 27, 2025—the date the first defendant filed an Answer [ECF No. 15]. Accordingly, discovery must be completed by **Monday, July 28, 2025.**

5. <u>LR 26-1(b)(3) Disclosures (Experts)</u>: Disclosure of experts shall proceed according to LR 26-1(b)(3), except that:

   [i] The disclosure of experts and expert reports shall occur on **Thursday, May 29, 2025**, which is sixty (60) days before the discovery cut-off date; and

   [ii] The disclosure of rebuttal experts and their reports shall occur on **Monday, June 30, 2025**, which is thirty-two (32) days after the initial disclosure of experts.

6. <u>Other Items</u>:

   a. <u>Amending the Pleadings and Adding Parties</u>: The parties shall have until **Tuesday, April 29, 2025**, to file a[ny] motion[s] to amend the pleadings or to add parties. This is ninety (90) days before the discovery cut-off date and does not exceed the outside limit LR 26-1(b)(2) presumptively sets of not less than ninety (90) days prior to the close of discovery for filing such motions.

   b. <u>Dispositive Motions</u>: The parties shall have until **Wednesday, August 27, 2025,** to file dispositive motion(s). This is 30 days after the discovery cut-off date and does not

exceed the outside limit of 30 days following the discovery cut-off date that LR 26-1(b)(4) presumptively sets for filing dispositive motions.

        c.    <u>Settlement</u>.  The parties have not discussed settlement at this time.

        d.    <u>Pretrial Order</u>:  The joint pretrial order shall be filed by **Friday, September 26, 2025**, which is 30 days after the date set for filing dispositive motions in this case.  In the event a timely dispositive motion is filed, the deadline to submit the joint pretrial order shall be suspended until 30 days after the decision on the dispositive motion or further order of the Court.  The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be made in the joint pretrial order.

        e.    <u>Alternative Dispute Resolution</u>:  The parties hereby certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation.  The parties believe mediation would be beneficial.

        f.    <u>Alternative Forms of Case Disposition:</u>  The parties hereby certify that they have considered consent to trial by a magistrate judgment under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and use of the Short Trial Program pursuant to General Order 2013-01.  The parties do not wish to utilize either resource at this time.

        g.    <u>Later Appearing Parties</u>:  A copy of this discovery plan and scheduling order shall be served on any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance.  This discovery plan and scheduling order shall apply to such later appearing parties, unless a stipulation of the parties is approved by the Court or the Court, on motion for good cause shown, orders otherwise.

        h.    <u>Extensions or Modifications of the Discovery Plan and Scheduling Order:</u>

Pursuant to LR 26-3, a motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order, must in addition to satisfying the requirements of LR IA 6-1, be

supported by a showing of good cause for the extension; be received by the court no later than twenty-one (21) days before the expiration of the subject deadline; and any request within twenty-one (21) days of the subject deadline must be supported by a showing of good cause. Any request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. The motion or stipulation to extend a discovery deadline or to reopen discovery must include:

  (a) A statement specifying the discovery completed;

  (b) A specific description of the discovery that remains to be completed;

  (c) The reasons by the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

  (d) A proposed schedule for completing all remaining discovery.

///

///

///

i. <u>Electronically Stored Information</u>: The parties intend to present evidence in electronic format to jurors for the purposes of jury deliberations. Such information will be provided in an electronic format compatible with the court's electronic jury evidence display system. *See* LR 26-1(b)(9).

DATED this 13th day of March, 2025.

**PLC LAW GROUP, APC**

By: /s/Lauren K. McRae
Lauren K. McRae (*Pro Hac Vice*)
3756 Santa Rosalia Dr., Ste. 326
Los Angeles, CA 90008

– AND –

Jordan P. Schnitzer (10744)
9205 W. Russell Rd., Ste. 240
Las Vegas, NV 89148
***Attorneys for Plaintiff***
***Deyannia Shipp***

---

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

/s/ Robert W. Freeman
Robert W. Freeman, Esq.,
Nevada Bar No.: 3062
E. Matthew Freeman, Esq.,
Nevada Bar No.: 14198
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
*Attorneys for Metro Defendants*

**HALL & EVANS, LLC**

/s/Harvey Gruber
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
HARVEY GRUBER, ESQ.
Nevada Bar No. 6329
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
*Attorney for Dollar Tree*

**ORDER**

_____
UNITED STATES MAGISTRATE JUDGE

Date: March 13, 2025